## LASCH v. NEW YORK LIFE INS. CO.

### (City Court of New York, Trial Term.   May 11, 1915.)

INSURANCE ☞137—PREMIUMS—PART PAYMENT OF PREMIUM.

> Where insured has paid a small amount of the first premium on the policy, and has been assured by the defendant's agent that the insurance was in force, which assurance he believed, the company is liable upon the policy, although it has not been delivered.
>
> [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. ☞137.]

Action by Sadie Lasch against the New York Life Insurance Company.   On motion to set aside verdict for plaintiff.   Denied.

Charles S. Aronstam, of New York City (Benjamin Davidson, of New York City, on the brief), for plaintiff.

James H. McIntosh, of New York City, for defendant.

SMITH, J.   After an examination of all the evidence presented upon the trial in this action, there is only one question which raises a doubt in my mind as to the right of the plaintiff to recover and why the verdict in favor of the plaintiff should not stand.   This is whether the agent of the defendant had authority to waive the condition of the policy as to the manner and method of paying the initial premium as a condition precedent to its taking effect.   The case of Stewart v. Union Mutual Life Ins. Co., 155 N. Y. 257, 49 N. E. 876, 42 L. R. A. 147, seems to settle the question conclusively, and that was apparently the law applying to all similar cases until that case was distinguished and modified in Russell v. Prudential Ins. Co. of America, 176 N. Y. 178, 68 N. E. 252, 98 Am. St. Rep. 656.   Judge Haight's opinion in the Stewart Case laid down the law broadly that the principal was bound by the act of the agent.   Judge Bartlett, however, in the Russell Case, distinguished it from the Stewart Case because the facts were not identical, and modified it, so as to take that case out of the provisions of the Stewart Case; Judge Haight writing a very strong dissenting opinion.

There are numerous cases—in fact, Judge Bartlett says, "a multitude of cases"—which it is quite impossible to review, all having their individual facts, which distinguish them to a certain extent from the general rule laid down in the Stewart Case, so that I find the only method by which I can decide the issues in the action at bar is to determine from the facts whether it falls within the provisions of the Stewart Case or the Russell Case.   These cases, as compared with the case at bar, have been very carefully analyzed and compared by the plaintiff's counsel in his brief, and from an examination of the record, and from such comparison and analysis, I am of the opinion that the case at bar falls rather under the general principles laid down in the Stewart Case than under the distinguishing and restrictive principle laid down in the Russell Case.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The main distinguishing point in the Russell Case, as well as in the Stewart Case, from the case at bar, is that no part of the first premium in either of those cases was paid, whereas in the case at bar a small amount was paid on account of the first premium. In the Stewart Case the agent extended credit in payment of the first premium and waived immediate payment of the same. In the Russell case no part of the first premium was paid, and in the case at bar the payment of the first premium was not waived. The agent made arrangements for weekly payments on the part of the insured, but did not waive any payment, apparently with the thought in mind that he would make the entire payment himself when the small installments had reached a sufficient amount. If this had taken place, then the premium would have been paid by the agent, and if the insured had lived no question would have been raised. Unfortunately, the insured died before the installments had reached that amount, and I am convinced from the ruling in the Stewart Case, which I do not think has been overruled by anything in the Russell Case, that the insured is entitled to the benefit of the policy, where he was assured by the agent and undoubtedly believed himself to be insured upon making a small payment, which he did.

There are other points to be found in the record than this analysis which also distinguish this case from the Russell Case and bring it within the Stewart Case; but I do not think it is necessary to review these in detail. I am satisfied, from the whole case, that the verdict as directed should stand, and the motion to set aside the same is therefore denied.

The defendant may have 10 days' stay and 30 days to serve a case.